### BROOKE, & AL. vs. THE LOUISIANA INSURANCE COMPANY.

A *construc-tive* total loss is excluded in all memoran-dum articles.
When mules are insured a-gainst *a total loss*, nothing short of a physical to-tal loss of the whole number insured, will render the as-surers res-ponsible.
The law of insurance is the same in this state as in the other states of the Union.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case came before the court at the close of the last June term, and was decided by two of the judges, in favor of the plaintiff. An application for a re-hearing having excited doubts in our minds, in relation to the correctness of our judgment, we granted the request of the defendants, that it should be tried again.

It has been now heard before a full court, and has been most carefully and ably argued. *Vol.* 4, 641 & 681.

Eastern Dis'ct
*April,* 1827.

BROOKE&AL
*vs*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

I agree with the presiding judge of the court in the conclusion to which he has arrived: but as the reasons by which my mind has finally, and with much hesitation, come to that conclusion, are not the same which seem to influence him, I think proper to state those that have induced me to change my opinion.

I retain my former impressions, in respect to the intention of the parties: but admit that intention is not so clearly proved, as to authorise us to deviate from the legal signification of the terms used in the contract. If the case were decided on principle alone, unfettered by authority, I should think the plaintiff entitled to recover. I see no absurdity whatever, in considering the words "total loss," to refer to the entire destruction of one mule, as well as to the whole cargo. There can be no dispute about the literal meaning of the words; but the question is whether the intention of the parties, and the rules of law do not affix a technical meaning to them in this policy. In regard to articles other than memoranda, the words "total loss" mean a loss of one half; this is the uni-

Eastern Dis't
*April*, 1827.

BROOKE & AL.
*vs*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

form and admitted meaning given to the expression, and parties using them in relation to such a subject, would be understoood to use them in their legal sense. And yet in such a case, every argument that we have heard in respect to a part, not being the whole, and that less than the whole, is not a total loss, would apply with as much force, as to that now before the court.

I see, therefore, nothing absurd in the decisions which the courts in England have made on this subject. Nor can I agree that the doctrine rests on the authority of a single individual. It is the decision of the whole court of king's bench. It was acquiesced in at the time, by the counsel who argued the cause. Had they doubted its correctness, they could, and it is to be presumed, would have taken it to a higher tribunal. The court of common pleas have recognised the same doctrine. It has not been controverted since, though in a country so eminently commercial as England, a vast number of cases must have arisen where it was the interest of parties to establish a different principle. Those who know with what zeal and learning, the doctrines which fall from the bench in that country, are exam-

ined by the profession, when, in their opinion,

they are unsupported by reason and law, will feel what weight this consideration is entitled to. In addition to this, it has been shewn on the last argument, that in the latest work published in England on insurance, the question is considered as settled, and the writer states the rule without expressing a doubt as to its correctness. *Benecke, on insurance.*

It is a very unsatisfactory way of assailing authority in questions of law, to trace it up to its source, and then say no matter how often it has been sanctioned, or how long acquiesced in, that it is but the opinion of the individual with whom it originated. Every doctrine in jurisprudence might be assailed and overturned in this way, for they must all have had a beginning. The opinions of jurists, and tribunals derive their authority from the reasons on which they are founded, the sanction which others have given to them; or the length of time they have been acquiesced in without opposition; and their authority is not diminished, by shewing that they had their origin with a particular jurist, judge, or court.

I consider the rule then, well settled in England, and I believe it would be the most

EasternDis'et
*April*, 1827.

BROOKE & AL
*vs.*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

equitable in its application in the instance be-fore us. Perhaps it was this feeling pressing strongly on my mind, after the first argument, that induced me too readily to conclude, that the weight of authority was equal. Further examination, and longer time for reflection, have convinced me it is not, that it is decid-edly with the defendants, and I feel it my duty to yield my opinions to those we have taken as guides in these matters.

We are in this state without any legislative enactments on the contract of insurance, and this court after much argument and great de-liberation, declared on a former occasion, for reasons which need not be here repeated, that this contract must be construed in relation to the law merchant as understood in the other maritime cities of the Union. This decision has been for some time before the community. The legislature have not thought proper to pre-scribe to us a different rule. We are therefore bound to consider, that the parties to this suit contracted in relation to those principles of law which we declared should govern such con-tracts: *Semper in stipulationibus in cœteris contractibus id sequimur, quod actum est; aut si non appareat, quid actum est, erit con-*

*sequens, ut id sequamur quod in regione, in qua actum est, frequentatur.* Dig. Liv. 50, tit. 17 Liv. 34.

EasternDis'et
*April,* 1827

BROOKE & AL
*vs.*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

I agree with the counsel for the plaintiffs, that there is nothing in the expressions used by the court, in the case of *Barry* vs. *The Louisiana Insurance Company*, which binds this court to adopt, from time to time, every rule which the tribunals of our sister states may establish in relation to this matter. We did not intend by such declaration, to place our understanding of the law under the controul of others. And if any doctrine should be settled by them at variance with rules which already existed, or contrary to our understanding of the *lex mercatoria*, we should certainly respect their opinions, but we would follow our own.

But at the time this court declared that the contract of insurance must be understood here as it is in the other maritime cities of the union, the rule was already settled in every state where the question had arisen, and in the supreme court of the United States, in relation to words which we believe to be convertible with those used in this policy; that nothing short of an absolute destruction

EasternDis'ct
*April,* 827

BROOKE & AL
*vs*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

of the whole property insured, would render the assurers responsible, and if any portion reached the port of destination, they were discharged from liability. 7 *Cranch*, 415. 8 *ibid* 39. 1 *Caines*, 196. 1 *Wheaton*, 219. 7 *Johnson*, 527. 6 *Mass.* 465.

Now, however the force of authority might be in another country that had not previously made choice of the rules prevailing in the union, there can be no doubt that after that *lex mercatoria* was chosen as our rule of action here, there was error in saying that the weight of authority was equal. It most decidedly preponderates in favour of the defendants.

Being so, I cannot depart from it in the decision of this case. Whatever the fact may be, we are bound, in the absence of any proof to the contrary, to believe that the parties contracted in relation to the law, as expounded to them by the tribunal of last resort in the country they live in. Having done so, we cannot now tell them their right must be ascertained by a law which, though of a common origin, and alike on almost every other question in relation to insurance, has on this

particular branch of the subject, a different and contrary rule.

I concur, therefore, in the opinion, that the judgment of the court below should be reversed; and that there should be judgment here for the defendants.

MARTIN, J. I still retain the opinion I formed last summer, that, on principle, the law is in this case with the plaintiffs; but the argument on the re-hearing and a further consideration of the case, have convinced me that the decisions of the courts of this state, and of the union, support the plea of the defendant. I therefore yield to the current of authorities, conscious that it is not my own individual opinion of the right of the parties, which I am to pronounce; but that which I think to be in accordance with the law of the land, evidenced by the decision of courts.

It is clear, that in the highest tribunals of the principal states in the union, and in the supreme court of the United States, the plea of the defendants would be sustained, and I agree with my colleagues in the opinion that it must prevail here.

EasternDis'ct
*April,* 1827.

BROOKE & AL.
  *vs.*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

MATTHEWS, J. This case was before the court, in June term, 1826, and was then argued and adjudged: but a rehearing having been allowed, on the application of the defendants, who are here appellants, we are now obliged to inquire into the correctness of our former judgment.

The suit is brought on a valued policy of insurance, in virtue of which, the plaintiffs claim to recover from the defendants $11,000; being the estimated value of a cargo of mules, insured from St. Yago, in Mexico, to Havana, in Cuba.

The policy is drawn up in the usual form of such instruments, containing a printed memorandum which excepts from average, unless general, or amounting to a certain percentage, several articles of commerce therein enumerated; and also a written clause, stating the amount or value of the cargo insured; the kind of property of which it was to be composed, and situation in the vessel; and concludes by declaring the "insurance to be against stranding or a total loss."

The evidence of the case shews, that in pursuance of the policy thus obtained, the plaintiffs put on board the vessel desig-

EasternDis'ct
*April*, 1827.

BROOKE &AL.
*vs.*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

nated therein, seventy four mules, being the species of property which was to constitute her cargo, according to the written clause of the instrument; that out of the whole number of animals composing the cargo insured, thirty-five were entirely lost, in consequence of the occurrence of perils, against which insurance was effected, and the balance (being thirty-nine) found to be much injured, and lessened in value, on their arrival at the port of destination. An abandonment was tendered to, but refused by the defendants, from whom the plaintiffs claim the entire value of the cargo, as for a total loss; or such other sum as may appear to be due to them on the policy. Their right to recover, is denied *in toto.*

The various grounds of opposition to the justice and legality of this claim, set forth in the points filed by the defendants, have been examined by the court, as may be seen in the judgment heretofore rendered. The principles therein settled and established, are as follow; 1st. According to a just interpretation of the written clause in the policy, the entire cargo of mules is placed on the footing of articles excepted from partial loss, in the

EasternDis't
April. 1827.

BROOKE & AL
vs.
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

ordinary memorandums of such instruments: 2d. A constructive or technical total loss, is excluded from such articles: 3d. Admitting that recovery might be had for a partial loss, the jury to whom the cause was submitted, in the court below, and who found a verdict in favor of the plaintiffs, for $4,500, pursued a legal and proper course, in adjusting the extent of loss, by an estimate made in reference to the valuation ascertained and fixed by the policy: 4th. If part of a cargo, consisting of separate and distinct objects, be entirely lost, even should it be composed of memorandum articles, the assured have a right to recover the value of any one or more, of the objects so lost, although not amounting to a loss of the whole cargo, either physically or in value. *See the opinion of the court, as reported in* 4 *Martin, n. s. p.* 640 & *seq.*

Of the soundness and legality of these principles, so established, we entertain no doubt, except the last, which requires to be again examined and tested, by those rules which ought to be received as of binding force and authority, in relation to contracts of insurance made in this state.

We shall consider the question solely in

reference to principles which regard memorandum articles, such as are excluded from indemnity except for a total loss, or in other words, from average unless general. Considered in this light, the counsel for the defendants contend, that as part of the cargo, composed as above stated, arrived at the port of destination, and was of some value, they are entirely exonerated from every species of obligation to indemnify the assured.

Eastern Dis'et
*April* 1827.

BROOKE & AL.
*vs.*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

The effect of the memorandum on articles therein specified in a policy of insurance, and the extent of the obligations which such a clause creates, have frequently been subjects of discussion in the courts of the United States, and those of the states individually, and the doctrine established by the decisions of those courts, in cases similar to that now under consideration, is relied on by the appellants as decisive of the present controversy in their favour. They have been cited, and commented on in the written argument, as well as at the bar; we have examined them attentively, and are of opinion that they fully support the ground of defence assumed without variance or exception. Vide 7 *Cranch, p.* 415. 8 *Do.* 39. 1 *Wheaton. p.* 219. 1 *Caines,* 296. 3 *Do.* 198. 6 *Mass.* 465. 7 *Johnson,* 527.

Eastern Dis't.
*April*, 1827.

BROOKE & AL
*vs.*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

As the doctrine contended for by the defendants appears to be firmly settled by the uniform tenor of the decisions in these cases, and has thus become a part of the *lex mercatoria* of the United States, our attention is directed to the case of *Barry* vs. *The Louisiana Insurance Company*, adjudged by this court, as reported in 12 *Martin*, beginning at page 493, wherein it was declared unequivocally, " that the contract of assurance is understood here as it is in the other maritime cities of the United States."

From the reasoning of the opinion in that case, it is readily perceived that the court in consequence of the absence of any positive and express provision in our laws on the subject, rightfully assumed the privilege of declaring the rules which prevail in the other states of the union, in relation to the contract of insurance, to be applicable to such contracts when made in this state, as the adoption of such as might be different and repugnant, would cause great inconvenience to merchants throughout our confederation—arising from various and conflicting laws, existing within the same federative government on the subject of commerce.

After such a public and solemn declaration

of the law of this state, in relation to com-
merce, it must be believed that all contracts of
insurance are made and entered into, in refer-
ence to it (thus declared), as the exclusive
rule of interpretation, whenever contests or
legal controversies may arise as to their true
meaning and effect.

This view of the subject alone would, per-
haps, be sufficient to shew the error of our
former judgment. But the counsel for the
appellees strenuously contend, that as the
clause of the policy, now under examination,
differs essentially from the stipulations con-
tained in those on which the decisions referred
to are based, it should receive a different con-
struction and interpretation. We have already
stated our entire satisfaction with that part of
the former judgment, and firm belief in its
truth and soundness, which places the whole
cargo of mules on the footing of memorandum
articles. If this interpretation of the clause
in question be correct, it refutes completely
the objections made to the applicability of the
cases cited from American reports, and the
conclusiveness of the decisions therein found,
in favour of the pretensions of the defendants;
and surely it cannot be seriously asserted,

EasternDis't
April, 1827.

BROOKE & AL
vs.
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

that any difference exists between the legal import and meaning of an exception in the policy of insurance, by which the insurers are made responsible for a total loss only, and one which limits their liability to indemnify for general average alone. See *Phillips on Ins.* p. 489.

Thus far the court is unanimous in the reasoning against the correctness of our former judgment.

But supposing the doctrine, as we have assumed it to be, that which the courts of justice of the United States, both federal and state, have recognized and established for the government of cases similar to the present; it is contended, on the part of the plaintiffs, that it is unjust in itself, and heterodox in deviating from equitable principles, as ascertained and established by the decisions of the highest tribunals in England, from which the rules adopted in America have been extracted and received as binding, in consequence of their consistency with reason, equity and justice.

I have examined the cases cited, and relied on by the appellees, and find only one, which fully supports the doctrine for which they contend;—that of *Davy* vs. *Melford*, reported in 15 *East, p.* 559.

It is true, that C. J. Gibbs, in the course of his observations, on the trial of the case of *Headberg* vs *Pearson*, seems to have held as true, the doctrine established in the case of *Davy* vs. *Melford;* but these observations were mere *obiter dicta.* See *Phill. on Insurance, p.* 488. From the decisions in these cases, Benecke, in his treatise on Marine Insurance, lays it down as a rule settled in England, that if part of the goods insured, be wholly lost, and another part saved, that which is wholly lost, is considered as a total loss on the underwriters. See his book, p. 376.

The decision on which this rule appears to be mainly based, has been strictly examined by one of the advocates for the defendants; and I think his animadversions thereon, are made with considerable accuracy and justness, both in relation to grammatical and legal interpretation.

But whatever may be the rule in England, with regard to dividing a cargo, composed of separate and distinct objects, for the purpose of enlarging the stipulation in a contract of insurance, which limits the responsibility of insurers to a total loss only, it is believed that

none such exists in the United States, or in this state. The clear, evident, and ordinary meaning of the written clause in the policy, on which the present suit is founded, according to just grammatical and legal construction, limits the liability of the defendants to indemnify, for such loss only, as amounts to an entire physical destruction of the whole cargo, or perhaps a total loss as to the value; neither of which has occurred, as shewn by the testimony of the cause. No injustice takes place—no violence is done to the principle of equity and natural right, by interpreting contracts according to the legal and ordinary import and meaning of the words used in making them, as arranged in grammatical construction,—such meaning, as every person acquainted with the structure of language, would attach to them. If the plaintiffs mistook the nature and extent of the indemnity, which the defendants obliged themselves to make in pursuance of their contract of assurance, and have, thereby, suffered loss; the fault is their own—it is *damnum absque injuria*, for which remuneration cannot be rightfully claimed.

*Morse & Grymes* for the plaintiffs, *Workman & Eustis* for the defendants.